On petitioner's, intervenor Ogden's and respondent LCDC's petitions for reconsideration filed May 27, on petitions of petitioner and intervenor Ogden, reconsideration denied, on petition of respondent LCDC, reconsideration allowed and former opinion (85 Or App 18, 735 P2d 645) modified and adhered to as modified June 24, petitions for review denied September 9, 1987
See 304 Or 93, 742 P2d 48 (1987)

1000 FRIENDS OF OREGON,
*Petitioner,*

MASON,
*Intervenor - Petitioner,*

*v.*

LAND CONSERVATION AND DEVELOPMENT
COMMISSION,
*Respondent,*

LINN COUNTY et al,
*Intervenors - Respondents.*

(LCDC 85-ACK-120; CA A37227)

738 P2d 215

Robert L. Liberty, Portland, for petitioner's petition.

Edward F. Schultz and Weatherford, Thompson, Brickey & Quick, P.C., Albany, for intervenor Ogden's petition.

Dave Frohnmayer, Attorney General, William F. Gary, Deputy Attorney General, James E. Mountain, Jr., Solicitor General, and Michael A. Holstun, Assistant Attorney General, Salem, for respondent LCDC's petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner, intervenor Ogden and respondent LCDC each petition for reconsideration of our original opinion. We deny petitioner's and Ogden's petitions. We allow LCDC's petition and modify our former opinion.

LCDC argues that we erred by sustaining petitioner's fifth, sixth and seventh assignments of error, which challenged LCDC's approval of the county's decision not to impose regulations, independent of the Forest Practices Act, ORS 527.610 *et seq,* on commercial forest operations which the county identified as conflicting with various Goal 5 resources. After our original decision in this case, the Supreme Court held in *1000 Friends of Oregon v. LCDC (Tillamook Co.),* 303 Or 430, 737 P2d 607 (1987), that ORS 527.722 and ORS 527.726(1)(c) preempt county regulatory authority over commercial forest operations, at least when, as here, the county has concluded that both forestry and Goal 5 resources should be allowed as primary uses in the areas where they conflict. *See* OAR 660-16-010(3). We accordingly modify our former opinion and hold that LCDC did not err as petitioner contends under the enumerated assignments.

On petitions of petitioner and intervenor Ogden, reconsideration denied; on petition of respondent LCDC, reconsideration allowed; former opinion modified and adhered to as modified.